IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-691-D

| | |
|---|---|
| SEANDELL FORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TEXAS GUARANTEED STUDENT ) | |
| LOAN CORPORATION (TG), ) | |
| ) | |
| Defendant. ) | |

On October 14, 2013, Seandell Forman ("Forman" or "plaintiff"), proceeding pro se, sued Texas Guaranteed Student Loan Corporation ("TG" or "defendant") concerning TG's efforts to collect his unpaid student loans. See Am. Compl. [D.E.7]. On September 22, 2014, TG moved for summary judgment [D.E. 48]. Forman responded in opposition [D.E. 53], and TG replied [D.E. 54]. As explained below, the court grants TG's motion for summary judgment.

In 2007, Forman obtained student loans through the Federal Family Education Loan Program ("FFELP"), 34 C.F.R. §§ 682.100–682.712. TG, as a guaranty agency to the United States Department of Education, guaranteed Forman's student loans. As a guarantor of federal student loans, TG has a fiduciary duty to monitor and assist in student loan repayments under the Higher Education Act ("HEA"), 20 U.S.C. § 1082. See, e.g., 34 C.F.R. §§ 682.410(a)(5), 682.411; Fed. Family Educ. Prog., 61 Fed. Reg. 49382 (Sept. 19, 1996). In this fiduciary role, TG must contact borrowers to prevent default, and, if a borrower defaults, must collect on the student loan. See 34 C.F.R. §§ 682.411–412.

Forman defaulted on his student loans, and TG paid the defaulted amount. TG then stepped into the shoes of the lender and sought to collect the loans. In contacting Forman to collect the loans, Forman alleges that TG violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p (count one), the North Carolina Collection Agency Act, N.C. Gen. Stat. §§ 58-70-1–58-70-155 (count two), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (counts three and four). See Am. Compl. ¶¶ 53–72. After discovery closed, TG timely filed a motion for summary judgment.

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of showing an absence of genuine dispute of material facts or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If a moving party meets its burden, the nonmoving party must "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation and emphasis omitted). There is a genuine issue for trial if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." Id. at 252; see also Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."). Only factual disputes that might affect the outcome under substantive law properly preclude summary judgment. Anderson, 477 U.S. at 248. In reviewing the factual record, the court views the facts in the light most favorable to the

2

nonmoving party and draws reasonable inferences in that party's favor. Matsushita, 475 U.S. at 587–88.

TG is a guarantee agent of the United States Department of Education. See, e.g., Murungi v. Tex. Guaranteed, 693 F. Supp. 2d 597, 609–10 (E.D. La. 2010), aff'd, 402 F. App'x 849, 851 (5th Cir. 2010) (per curiam). Thus, TG and the United States Department of Education are in a fiduciary relationship. See, e.g., 34 C.F.R. §§ 682.410(a)(5), 682.411; Fed. Family Educ. Loan Prog., 61 Fed. Reg. 49382 (Sept. 19, 1996).

The FDCPA defines a debt collector to include "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA excludes from the definition of debt collector "any person collecting or attempting to collect any debt . . . to the extent such activity . . . is incidental to a bona fide fiduciary obligation." Id. § 1692a(6)(F). In light of the fiduciary relationship between TG and the United States Department of Education, the FDCPA does not apply to TG. See id.; Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1031–35 (9th Cir. 2009); Seals v. Nat'l Student Loan Program, No. Civ. A. 5:02-CV-101, 2004 WL 3314948, at *3–5 (N.D. W.Va. Aug. 16, 2004) (unpublished), aff'd, 124 F. App'x 182 (4th Cir. 2005) (per curiam) (unpublished); Pelfrey v. Educ. Credit Mgmt. Corp., 71 F. Supp. 2d 1161, 1165–74, 1179–80 (N.D. Ala. 1999), aff'd, 208 F.3d 945 (11th Cir. 2000) (per curiam); Davis v. United Student Aid Funds, Inc., 45 F. Supp. 2d 1104, 1108–09 (D. Kan. 1998). Accordingly, the court grants summary judgment to TG on count one.

In count two, Forman alleges that when TG attempted to collect the loans, TG violated the following provisions in the North Carolina Collection Agency Act: N.C. Gen. Stat. §§ 58-70-95(4), (6), 58-70-100(3), 58-70-110(2), and 110(4). See Am. Compl. ¶¶ 57–60. The HEA, 20 U.S.C. § 1082, and regulations under the FFELP, 34 C.F.R. §§ 682.410–414, preempt Forman's state-law claim in count two. See, e.g., Brannan v. United Student Aid Funds, Inc., 94 F.3d 1260, 1266 (9th

3

Cir. 1996); Nelson v. Diversified Collection Servs., Inc., 961 F. Supp. 863, 872 (D. Md. 1997); Stafford Loan, Supplemental Loans for Students, PLUS, and Consolidation Loan Programs, 55 Fed. Reg. 40120 (Oct. 1, 1990). Accordingly, the court grants summary judgment to TG on count two.

In counts three and four, Forman alleges that TG used an auto dialer in order to collect his unpaid student loans and thereby violated 47 U.S.C. §§ 227(b)(1)(A) and 227(b)(1)(A)(iii). See Am. Compl. ¶¶ 61–72. However, Forman has not produced competent evidence that TG used an auto dialer as defined in 47 U.S.C. § 227(a)(1) ("equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."). Furthermore, TG has produced an unrefuted affidavit that it did not use an auto dialer as defined in the TCPA. See Nanez Aff. [D.E. 49-3] ¶¶ 6–7.

In opposition, Forman cites TG's answer to a request for admission that he sent to TG. See [D.E. 53] 2; [D.E. 53-1] 4. Forman's argument, however, ignores that he did not use the applicable statutory definition of "auto dialer" in his request for admission. Compare [D.E. 34] 2 with 47 U.S.C. § 227(a)(1). Thus, Forman's argument fails. Accordingly, the court grants summary judgment to TG on counts three and four. See, e.g., Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir. 2009); Gragg v. Orange Cab. Co., 995 F. Supp.2d 1189, 1192–94 (W.D. Wash. 2014); Buslepp v. Improv Miami, Inc., No. 12-60171-CIV, 2012 WL 4932692, at *2 (S.D. Fla. Oct. 16, 2012) (unpublished); In re Portfolio Recovery Assocs., LLC, No. 11MD2295, 2012 WL 1899798, at *2–3 (S.D. Cal. May 24, 2012) (unpublished).

Finally, the court rejects Forman's attack on the affidavits that TG submitted in support of its motion for summary judgment. Cf. [D.E. 53] 6–7. The affidavits are proper, and Forman has failed to demonstrate that the court should exclude them. Cf. S. States Rack & Fixture, Inc. v Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003). As for Foreman's complaint that he did

4

not depose the affiants, Forman did not depose anyone during discovery. Moreover, the court will not ignore the scheduling order and reopen discovery to let Forman do so now. Thus, the court rejects Forman's final argument.

In sum, defendant's motion for summary judgment [D.E. 48] is GRANTED. The clerk shall close the case.

SO ORDERED. This __3__ day of December 2014.

JAMES C. DEVER III
Chief United States District Judge